FILED
2017 Nov-14  PM 04:52
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JEBRENNA MCDANIEL,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | |
| | ) | |
| **SIG ALABAMA, LLC. d/b/a** | ) | **JURY DEMAND** |
| **HOLIDAY INN,** | ) | |
| | ) | |
| **DEFENDANT** | ) | |
| | ) | |

## COMPLAINT

### I.  JURISDICTION

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343(4), 2201 and 2202.  This suit is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991,  42 U.S.C. Section 2000(e), *et seq*. (hereinafter "Title VII"), 42 U.S.C. § 1981a and 42 U.S.C.§ 1981.  The jurisdiction of this Court is invoked to secure the protection of and to redress the deprivation of rights secured by Title VII and 42 U.S.C.§ 1981, providing for injunctive and other relief against race discrimination, national origin discrimination and retaliation.

2.  Plaintiff has fulfilled all conditions precedent to the institution of this action

under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e et seq. Plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act. Plaintiff timely filed her lawsuit within 90 days of the receipt of her Right-to-Sue letter from the EEOC.

3.      Venue is proper in the Northern District of Alabama under 28 U.S.C. §1391(b), and the Southern Division pursuant to Title VII's venue provision, 42 U.S.C. § 2000e-5(f).

## II.    PARTIES

4.      Plaintiff, Jebrenna McDaniel ("Plaintiff") is a citizen of the United States, and a resident of the State of Alabama, and she is of American, not Hispanic, national origin. Plaintiff is African American.

5.      Defendant, SIG Alabama, LLC. d/b/a Holiday Inn ("Defendant") is an entity subject to suit under Title VII and 42 U.S.C. § 1981.

## III.   FACTS

6.      Plaintiff is an African American woman who began working with respondent on or around July 6, 2016 as the Executive Housekeeper, which is a salaried position.

7.      As a salaried manager, Plaintiff was in charge of the lobby, laundry, housemen,

inspectors and room attendants, which totaled about 25 employees.

8.  Plaintiff performed her job well during her employment.

9.  Plaintiff reported to the General Manager named Brad Witzell.

10. In the fall of 2016, Witzell told Plaintiff that he had a plan to replace the black and white employees with Hispanics because he said the Hispanic employees were better workers.

11. Witzell told Plaintiff he wanted her to start terminating the black employees and replacing them with Hispanics.

12. Plaintiff told Witzell she could not do that, but Witzell continued to ask Plaintiff to fire the black employees after that date.

13. Plaintiff refused to engage in the discriminatory hiring and termination practices Witzell had requested, and she continued hiring people of all races and did not fire people based on their race.

14. By November 2016, Witzell realized Plaintiff would not engage in the discriminatory practices he had asked of her; therefore, he removed her from the Executive Housekeeper position and replaced her with a Hispanic woman named Patricia.

15. Witzell demoted Plaintiff to an hourly position where she did the job of an Administrative Assistance, working her only three (3) days a week for four (4)

to five (5) hours each day.

16. When Patricia began working in Plaintiff's former position, Patricia hired only Hispanics, reduced the hours and days of white and black employees, and terminated black employees.

17. The newly hired Hispanic employees were paid more than the black employees and were instructed not to talk to the remaining black employees.

18. On January 23 2017, Witzell fired Plaintiff allegedly for lack of work.

19. Defendant's articulated reason for its discriminatory demotion and termination of Plaintiff is false and/or a pretext for race and/or national origin discrimination. And, in the alternative, even if Defendant had legitimate reasons for the above stated actions it took towards Plaintiff, race and national origin discrimination remained at least motivating factors in its decision.

## IV.   CAUSES OF ACTION

### Count I – Race and National Origin Discrimination

20. Plaintiff re-alleges and incorporates by reference paragraphs 1-20 above with the same force and effect as if fully set out in specific detail below.

21. Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

4

22. During her employment, Defendant discriminated against Plaintiff because of her African American race and her non-Hispanic national origin by taking adverse employment actions up to and including demoting her and terminating her employment.

23. Defendant's articulated reasons for these adverse employment actions, up to and including termination, are not legitimate.

24. Plaintiff may prevail under a mixed-motive theory, as even if Defendant had legitimate reasons for the actions it took towards her, race and/or national origin remained at least a motivating factor in the adverse employment actions Defendant took against  her.

25. Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

26. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

27. Plaintiff is now suffering, and will continue to suffer irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

**Count II – Retaliation**

5

28.    Plaintiff re-alleges and incorporates by reference paragraphs 1- 27 above with the same force and effect as if fully set out in specific detail herein below.

29.    Plaintiff brings this Count pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq. as amended, and 42 U.S.C. Section 1981a, and 42 U.S.C. Section 1981.

30.    Plaintiff objected to management's discriminatory practices.

31.    In response to Plaintiff's opposition to discrimination, Defendant retaliated against Plaintiff by demoting her and terminating her employment.

32.    There is a causal relationship between Plaintiff's opposition to discrimination and the materially adverse employment actions taken against her by Defendant.

33.    Said retaliation was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

34.    Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

35.    Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## V.    DAMAGES

36.    Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish, and lost wages as a consequence of Defendant's unlawful conduct.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., and 42 USC § 1981.

2.    Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 USC § 1981.

3.    Enter an Order requiring Defendant to make Plaintiff whole by awarding her reinstatement in the position and salary level she would have occupied absent

discrimination, backpay, front pay if reinstatement is not possible, lost wages (plus interest), medical expenses, compensatory and punitive damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

## JURY DEMAND

**Plaintiff Demands a Trial by Struck Jury**.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-f58j
L. William Smith asb-8660-a61s
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC.
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS:**
SIG ALABAMA, LLC.
c/o Tobey, James H.
109 Greystone Glen Drive

Birmingham, AL 35242